IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICKY PORTIS**                                                                                          **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 2:20-CV-40-KS-JCG**

**WARDEN JESSIE WILLIAMS**                                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Ricky Portis. The Petition challenges Portis' 2016 convictions for sexual battery. Respondent Jessie Williams, Warden of the Marshall County Correctional Facility, has filed a Motion to Dismiss (ECF No. 8), alleging that Portis' Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Portis' Petition is barred by the one-year statute of limitations and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

## I. BACKGROUND

Portis is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Jones County, Mississippi Circuit Court, Portis was convicted for two counts of sexual battery on April 25, 2016. He was sentenced to two consecutive life sentences. Portis appealed, but the Mississippi Supreme Court affirmed his conviction. *Portis v. State*, 245 So. 3d 457

(Miss. 2018).

Portis raised six issues during his state appeal:

1. The trial court erred in refusing to grant a continuance.

2. The trial court erred in denying his request to recall a witness to introduce her prior inconsistent statement

3. There was insufficient evidence to support the conviction.

4. The verdict was against the overwhelming weight of the evidence.

5. Cumulative error deprived him of a fair trial.

6. His sentences constitute cruel and unusual punishment.

*Id.* at 467. The Mississippi Supreme Court affirmed. Portis indicates he did not file a petition for certiorari in the United States Supreme Court.

Portis' first Application for Leave to Proceed in Trial Court indicates that it was signed on October 8, 2019, and it was filed on October 11, 2019 (ECF No. 9-10 at 3-43). The Mississippi Supreme Court denied his Application on January 9, 2020 (ECF No. 9-10 at 1). It held that his claims regarding the sufficiency of the evidence were barred by the doctrine of res judicata; his ineffective assistance of counsel claims did not satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984); and his remaining claims failed to make a substantial showing of the denial of a state or federal right.

Portis' instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus was received by this Court on February 25, 2020, but it was signed on February 13, 2020

(ECF No. 1). Portis also filed a Memorandum in Support of his Petition (ECF No. 2). Portis raises four grounds for relief:

1. His right to confront witnesses was violated.

2. The Mississippi Supreme Court's denial of his Application for Leave to Proceed in the Trial Court did not "contain a plain statement that its decision rests on an adequate or independent state ground."

3. The two life sentences are disproportionate to the crime and constitute cruel and unusual punishment.

4. He is entitled to an evidentiary hearing on his habeas claims.

Respondent filed a Motion to Dismiss (ECF No. 8) on April 16, 2020, alleging that Portis' Petition is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d). Respondent maintains that Portis' "convictions and sentences were final on September 12, 2018, ninety (90) days after the Mississippi Supreme Court affirmed Portis's convictions and sentences." He also maintains Portis is not entitled to statutory or equitable tolling; therefore, the Petition must be dismissed. In his Petition, Portis alleges that it was timely filed, as the one-year period did not begin to run until the mandate was issued on July 5, 2018, and it stopped when he filed his state post-conviction petition. In his response to the Motion to Dismiss (ECF No. 11), he argues that his state application tolled the federal limitations period, he is entitled to equitable tolling, he does not have knowledge of the legal proceedings and had to rely on assistance from other inmates, and the one-year period did not begin to run until January 20, 2020.

## II. DISCUSSION

### A. <u>Standard of Review</u>

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. <u>Analysis</u>

Unless one of the narrow exceptions in 28 U.S.C. § 2244(d)(1)(B)-(D) apply, AEDPA requires that a federal habeas corpus petition be filed within one year of the date a petitioner's judgment of conviction becomes final, subject to statutory tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See generally Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the Court must determine when Portis' conviction became final for purposes of AEDPA and if he is entitled to statutory or equitable tolling.

Ultimately, "federal law controls when a state conviction becomes final for purposes of section 2244(d)(1)(A)." *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (citing *Roberts*, 319 F.3d at 694). There is no evidence that Portis ever filed a petition before the United States Supreme Court. When a petitioner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment becomes final ninety days "following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. The "issuance of the mandate by the state court of appeals is of no consequence . . . ." *Id.* at 695. The judgment in Portis' case became final on September 12, 2018, ninety days after the Mississippi Supreme Court's decision on June 14, 2018. Therefore, his Petition for Writ of Habeas Corpus was due on or before September 13, 2019, unless he is entitled to statutory or equitable tolling.

Portis did not file his first motion for leave to proceed in the trial court until October 11, 2019 whereas the one-year statute of limitations began to run on

September 12, 2018. A petition filed after the federal filing deadline has passed "cannot toll the one-year limitation period described in section 2244(d)(2)." *Baldwin v. Parker*, No. 5:06-cv-58-DCB-MTP, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)).

Because Portis took no action in the year after the state court judgment became final, his Petition is barred as untimely unless he can show he is entitled to equitable tolling. However, he has not done so. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder,* 204 F.3d at 174). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder,* 204 F.3d at 171 (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).

Portis' mistaken assertions about when the judgment became final and whether the one-year period was tolled does not satisfy this standard, nor does his assertion that he lacked knowledge of the process and relied on assistance from other inmates. Portis has not demonstrated any rare or exceptional circumstances; therefore, he is not entitled to equitable tolling.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss be granted and Ricky Portis' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain

7

error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 7th day of December, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE